Nathaniel H. Amdur-Clark
nathaniel@sonosky.net
Noah I. Star
noah@sonosky.net
Sonosky, Chambers, Sachse,
  Miller & Monkman, LLP
510 L Street, Suite 310
Anchorage, Alaska 99501
Telephone: (907) 258-6377
Facsimile: (907) 272-8332

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KEVIN GUNTER,<br><br>      Plaintiff,<br><br>      v.<br><br>CONTANGO ORE, INC.;<br>KINROSS GOLD CORPORATION;<br>ROYAL GOLD, INC.; PEAK GOLD,<br>INC.; FAIRBANKS GOLD MINING,<br>INC.; AVALON DEVELOPMENT<br>CORPORATION; BLACK GOLD<br>MINING, INC.; BRADLEY J. JUNEAU;<br>RICK VAN NIEUWEN HUYSE; CURTIS<br>J. FREEMAN; YOUNG'S TIMBER, INC.;<br>JOSEPH A. YOUNG; KRISTIE<br>CHARLEY (YOUNG); MICHAEL SAM;<br>RICKEY WILLIAM HENDRY;<br>JOHN DOES 1-10,<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Case No. 3:25-CV-00307-ACP |

## TRIBAL DEFENDANTS'
## MOTION TO DISMISS AMENDED COMPLAINT
### [Civil Rules 19, 12(b)(1), 12(b)(6) and 12(b)(7)]

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................... 1

II. APPLICABLE STANDARDS ................................................................ 2

III. The AMENDED COMPLAINT DOES NOT ESTABLISH FEDERAL
QUESTION JURISDICTION. ................................................................ 3

IV. PLAINTIFF FAILS TO STATE A CLAIM UNDER RULE 12(B)(6). ................. 4

V. THE COURT MUST DISMISS THE COMPLAINT BECAUSE THE TRIBE IS
A REQUIRED PARTY WITH SOVEREIGN IMMUNITY ................................ 6

    A. The Tribe is a Required Party to this Action. ..................................... 6

    B. The Tribe Cannot be Joined in this Matter due to Sovereign Immunity. ......... 10

    C. In "Equity and Good Conscience" This Action Cannot Proceed in the Tribe's
    Absence ............................................................................... 11

    D. Dismissal Under Rule 12(b)(1) and 12(b)(7) is Required. ......................... 13

VI. TO THE EXTENT THERE ARE CLAIMS AGAINST THE INDIVIDUAL
TRIBAL OFFICIALS, THE TRIBAL OFFICIALS ARE IMMUNE FROM SUIT.
................................................................................................ 14

VII. CONCLUSION ................................................................................ 15

ii

# TABLE OF AUTHORITIES

**CASES**

*Acres Bonusing, Inc v. Marston*, 17 F.4th 901 (9th Cir. 2021) .......................................... 14

*Adams v. Bell*, 711 F.2d 161, 171 n. 42 (D.C.Cir.1983) .................................................. 12

*Alaska Logistics, LLC v. Newtok Village Council*, 357 F. Supp. 3d 916 (D. Alaska 2019) ................................................................................................................ 2, 3

*Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015 (9th Cir. 2002) ........................... 6, 13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................. 4

*Barron v. Alaska Native Tribal Health Consortium*, 373 F. Supp. 3d, 1232 (D. Alaska 2019) ......................................................................................................................... 3

*Behrens v. Donnelly*, 236 F.R.D. 509 (D. Hawaii 2006) ..................................................... 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................ 5

*Carney v. Washington*, 2021 WL 3491744 (W.D. Wash. Aug. 9, 2021) ............................ 9

*Citizen Potawatomi Nation v. Salazar*, 624 F.Supp.2d 103 (D.D.C. 2009) ...................... 12

*Confederated Tribes of the Chehalis Rsrv. v. Lujan*, 928 F.2d 1496 (9th Cir. 1991) ....... 12

*Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718 (9th Cir. 2008) ....................................... 14

*Dawavendewa v. Salt River Project Agric. Impr. & Power Dist.*, 276 F.3d 1150 (9th Cir. 2002) ......................................................................................................................... 9

*Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843 (9th Cir. 2019) ....................................................................................................................... 12

*Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir.2004) .............................................. 5

*Enterprise Management Consultants, Inc. v. United States ex rel. Hodel*, 883 F.2d 890 (10th Cir. 1989) ............................................................................................................. 12

*Flying T Ranch, Inc. v. Stillaguamish Tribe of Indians*, 577 P.3d 382 (Wash. 2025) ........ 9

*Friends of Amador Cnty. v. Salazar*, 554 Fed. App'x 562 (9th Cir. 2014) ......................... 1

*Jamul Action Comm. v. Simermeyer*, 974 F.3d 984 (9th Cir. 2020) ................................ 12

*Kescoli v. Babbitt* 101 F.3d 1304 (9th Cir. 1996). .............................................................. 8

*Kickapoo Tribe of Indians of Kickapoo Reservation in Kansas, et al., v. Babbit*, 43 F.3d 1491 (D.C. Cir. 1995) ................................................................................................... 12

*Klamath Irrigation Dist. v. U.S. Bureau of Reclamation*, 48 F.4th 934 (9th Cir. 2022) ..... 2

*Lewis v. Clarke*, 581 U.S. 155 (2017) ................................................................................ 14

*Lomayaktewa v. Hathaway*, 520 F.2d 1324 (9th Cir. 1975) ............................................ 7, 9

*Lundgren v. Upper Skagit Indian Tribe*, 187 Wash. 2d 857 (2017) .................................... 9

*Maverick Gaming LLC v. United States*, 123 F.4th 960 (9th Cir. 2024) ................. 2, 12, 13

*McShan v. Sherrill*, 283 F.2d 462 (9th Cir. 1960) ................................................................ 2

*Miller v. Wright*, 705 F.3d 919 (9th Cir. 2013) .............................................................. 3, 14

*Milligan v. Anderson*, 522 F.2d 1202 (10th Cir. 1975) ....................................................... 1

*Northern Arapahoe Tribe v. Harnsberger*, 660 F. Supp. 2d 1264 (D. Wyo. 2009) .......... 12

*Okla. Tax Comm'n v. Potawatomi Tribe*, 498 U.S. 505 (1991) ........................................ 10

*Pistor v Garcia*, 791 F.3d 1104 (9th Cir. 2015) ........................................................ 2, 3, 13

*Quileute Indian Tribe v. Babbitt*, 18 F.3d 1456 (9th Cir. 1994) ....................................... 12

*Robinson v. United States*, 586 F.3d 683 (9th Cir. 2009) .................................................... 3

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) ......................................... 2

*Santa Clara Pueblo v. Martinez,* 436 U. S. 49 (1978) ...................................................... 10

*Shermoen v. United States*, 982 F.2d 1312 (9th Cir. 1992) ................................................. 6

*Snow v. Quinault Indian Nation*, 709 F.2d 1319 (9th Cir.1983) ....................................... 14

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ........................................................... 5

*Tetlin Native Corp., et. al., v. Sam et. al.*, Case No. F99-0008-CV (HRH) ........................ 9

iv

*United States v. Testan*, 424 U.S. 392 (1976) ...................................................................... 10

*Upper Skagit Indian Tribe v. Lundgren*, 584 U.S. 554 (2018)............................................. 9

*White v. Univ. of California*, 765 F.3d 1010 (9th Cir. 2014) ...................................... 10, 12

**FEDERAL STATUTES**

43 U.S.C. § 1618 ......................................................................................................................... 3

**FEDERAL RULES AND REGULATIONS**

Fed. R. Civ. P. 12.............................................................................................................passim

Fed. R. Civ. P. 19.............................................................................................................passim

Indian Entities Recognized by and Eligible to Receive Services from the United States
    Bureau of Indian Affairs, 89 Fed. Reg. 99902 (Dec. 11, 2024) .................................... 10

**OTHER AUTHORITIES**

Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and
    Procedure: Civil 3d. § 1359 at 68 (2004) ....................................................................2, 5

Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and
    Procedure: Civil 3d. § 1617, at 257 (1986) ................................................................... 12

# I. INTRODUCTION

On April 23, 2026, this Court dismissed Plaintiff Kevin Gunter's pro se Complaint that sought myriad relief against the Native Village of Tetlin ("Tribe") despite failing to name the Tribe as a defendant.[1] Plaintiff filed an Amended Complaint on May 18, 2026, that re-pleads his same objections to land conveyances, mining agreements, and other transactions that the Tribe is party to, and again includes two Tribal officials as named defendants.

The Amended Complaint suffers from many of the same defects identified in the Court's Dismissal Order and the Tribe's first Motion to Dismiss, although it is even more difficult to parse what Mr. Gunter's claims actually are, or what relief he seeks. Once again, the Tribe, Chief Michael Sam, and Tribal Administrator Kristie Charlie (collectively, "Tribal Defendants") appear specially[2] to move that this matter be dismissed under Rules 12(b)(1), 12(b)(6), 12(b)(7) and 19. First, the Court continues to lack federal question subject matter jurisdiction. Second, Plaintiff has failed to plead a claim against the Tribal Defendants that entitles him to relief. Third, the Tribe is a necessary party who cannot be joined due to its sovereign immunity. Fourth, to the extent Plaintiff pleads a claim against the Tribal officials, the Tribe's sovereign immunity shields them from suit.

---

[1] *See generally* Dkt. 55.

[2] The Tribal Defendants do not consent to the Court's jurisdiction. Non-parties that do not consent to jurisdiction may specially appear to seek dismissal pursuant to Rule 19. *See Milligan v. Anderson*, 522 F.2d 1202, 1203-04 (10th Cir. 1975)*; Friends of Amador Cnty. v. Salazar*, 554 Fed. App'x 562, 564 (9th Cir. 2014).

Tribal Defs.' Mot. to Dismiss Amended Compl. Page 1 of 16
*Kevin Gunter v. Contango Ore, Inc., et al., Case No. 3:25-cv-00307-ACP*

## II.     APPLICABLE STANDARDS

1.      <u>Civil Rule 19</u> provides that when a "required party" cannot be joined to an action (whether due to tribal sovereign immunity or other reasons), dismissal of the entire action is mandated for "failure to join a [required] party under Rule 19."[3]  Rule 19 "sets forth a three-step inquiry": (1) whether the absent party is "required," (2) if so, "whether joinder of that party is feasible," and (3) if joinder of the absent party is infeasible, "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."[4]  To determine whether joinder is required, the court may consider evidence outside the pleadings.[5]

2.      <u>Civil Rule 12(b)(1)</u> is "a proper vehicle for invoking [tribal] sovereign immunity from suit."[6]  When tribal sovereign immunity is raised in a 12(b)(1) motion, "'the party asserting subject matter jurisdiction has the burden of proving its existence,'

---

[3] Fed. R. Civ. P. 12(b)(7).

[4] *Maverick Gaming LLC v. United States*, 123 F.4th 960, 972 (9th Cir. 2024) (quoting *Klamath Irrigation Dist. v. U.S. Bureau of Reclamation*, 48 F.4th 934, 943 (9th Cir. 2022)).

[5] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960); *Behrens v. Donnelly*, 236 F.R.D. 509, 512 (D. Hawaii 2006) (citing Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1359 at 68 (2004)).

[6] *Alaska Logistics, LLC v. Newtok Vill. Council*, 357 F. Supp. 3d 916, 923 (D. Alaska 2019); *Pistor v Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Tribal Defs.' Mot. to Dismiss Amended Compl.                                   Page 2 of 16
*Kevin Gunter v. Contango Ore, Inc., et al., Case No. 3:25-cv-00307-ACP*

Case 3:25-cv-00307-ACP     Document 59     Filed 06/15/26     Page 7 of 21

*i.e.* that immunity does not bar the suit."[7]  On a "factual" Rule 12(b)(1) motion, such as this motion, "'[n]o presumptive truthfulness attaches to [a] plaintiff's allegations,'" and a "district court may 'hear evidence regarding jurisdiction' and 'resolv[e] factual disputes where necessary.'"[8]

### III.    THE AMENDED COMPLAINT DOES NOT ESTABLISH FEDERAL QUESTION JURISDICTION.

The Amended Complaint does not address the deficiencies that required dismissal of Plaintiff's first complaint.[9]  Plaintiff argues he has raised a "narrow federal question under 43 U.S.C. 1618(b)" because that ANCSA statute authorized "the conveyance of former reserve lands in fee simple to [TNC], the ANCSA village corporation."[10] According to Plaintiff, this raises a federal question because the challenged conveyances "collapse" the distinction between the Village Corporation and the Tribe.[11]  The Court does not need to probe the Amended Complaint's internal logic to determine this is not a federal question.  As the Court already reasoned, "ANCSA was not meant to interfere with land

---

[7] *Alaska Logistics*, 357 F.Supp.3d at 935 (quoting *Miller v. Wright*, 705 F.3d 919, 923 (9th Cir. 2013)).

[8] *Pistor*, 791 F.3d at 1110 (alterations in original) (quoting *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009)); *Barron v. Alaska Native Tribal Health Consortium*, 373 F. Supp. 3d 1232, 1237 (D. Alaska 2019).

[9] Dkt. 55 at 9.

[10] Dkt. 56 at 3.

[11] Dkt. 56 at 6.

Tribal Defs.' Mot. to Dismiss Amended Compl.                                    Page 3 of 16
*Kevin Gunter v. Contango Ore, Inc., et al., Case No. 3:25-cv-00307-ACP*

Case 3:25-cv-00307-ACP    Document 59    Filed 06/15/26    Page 8 of 21

sales held by native corporations."[12]  The Court's dismissal order still applies: "Gunter has no cause of action under ANCSA, and his bare citations to other federal laws are too underdeveloped to raise a federal question."[13]

### IV.    PLAINTIFF FAILS TO STATE A CLAIM UNDER RULE 12(B)(6).

To survive a motion to dismiss under Rule 12(b)(6), the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14]  The Amended Complaint fails to do so.

The Amended Complaint propounds a new "entity collapse" theory, which lacks any connection to legal relief against the Tribal Defendants.[15]  Plaintiff only mentions the Tribal Defendants in passing, alleging unspecified "actions . . . only to show [their] individual role in transactions dependent on the disputed ANCSA authority chain."[16] Plaintiff does not mention Defendant Michael Sam again in the Amended Complaint. Defendant Kristie Charlie (Young) is mentioned one other time: when Plaintiff states she "held positions of influence within the Tetlin community"[17] in a section titled "Allegations Concerning Undisclosed Financial Interests and Conflicts of Interest."[18]  But Plaintiff does

---

[12] *Id.* at 12.

[13] *Id.* at 9.

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[15] Dkt. 56 at 3, 4, 6, 7, 21, 43-44.

[16] Dkt. 56 at 16-17.

[17] *Id.* at 42.

[18] *Id.*

Tribal Defs.' Mot. to Dismiss Amended Compl.                               Page 4 of 16
*Kevin Gunter v. Contango Ore, Inc., et al., Case No. 3:25-cv-00307-ACP*

not ever describe Kristie Charlie's conflict of interest. These barebones and conclusory allegations do not "raise a claim of entitlement to relief" against the Tribal Defendants.[19]

To the extent Plaintiff is alleging that the Defendants engaged in fraud, a claim that does not appear in the Amended Complaint, Plaintiff falls far below the particularity standard required under Rule 9(b).[20] Plaintiff fails to name specific defendants' roles in any allegedly fraudulent conduct,[21] and also fails to specify any fraudulent conduct whatsoever.[22] Restating conclusory statements about Defendants' "conflicts of interest" "without any stated factual basis are insufficient as a matter of law."[23] The Amended Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim.

---

[19] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" (quoting Wright & Miller, *Federal Practice and Procedure* § 1216, at 233-34 (2004))).

[20] *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) ("However, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir.2004))).

[21] *Id.* at 765 (In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, "identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." (citations omitted)).

[22] *Id.*

[23] *Id.*

Tribal Defs.' Mot. to Dismiss Amended Compl.                                    Page 5 of 16
*Kevin Gunter v. Contango Ore, Inc., et al., Case No. 3:25-cv-00307-ACP*

## V. THE COURT MUST DISMISS THE COMPLAINT BECAUSE THE TRIBE IS A REQUIRED PARTY WITH SOVEREIGN IMMUNITY.

The Amended Complaint suffers from the same obvious Rule 19 problem as the first one. Despite Plaintiff's insistence that he is not doing so, he repeatedly seeks to challenge the absent Tribe's entry into and reliance on land conveyances, mining agreements, and other subsequent transactions.[24] As such, the Tribe is a required party; joinder is not feasible without its consent, which it does not give; and in "equity and good conscience" this action should be dismissed under Civil Rules 19, 12(b)(1), and 12(b)(7).

### A. The Tribe is a Required Party to this Action.

The Court must first determine whether the Tribe is a "required party" under Rule 19(a). The Tribe clearly "claims an interest relating to the subject of the action," that would be impaired or impeded by Plaintiff's suit.[25] What Plaintiff alleges and seeks in the Amended Complaint is not always clear.[26] But what is clear is that Plaintiff continues to object to land conveyances between Tetlin Native Corporation and the Tribe, which he

---

[24] Dkt. 56 at 8-9.

[25] Fed. R. Civ. P. 19(a)(1)(B)(i); *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1024 (9th Cir. 2002) ("It is the party's *claim* of a protectible interest that makes its presence necessary."); *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992) ("Just adjudication of claims requires that courts protect a party's right to be heard and to participate in adjudication of a claimed interest, even if the dispute is ultimately resolved to the detriment of that party.").

[26] Just as with the initial Complaint, the "lengthy complaint is difficult to parse at times." Dkt. 55 at 5.

Tribal Defs.' Mot. to Dismiss Amended Compl.                                         Page 6 of 16
*Kevin Gunter v. Contango Ore, Inc., et al., Case No. 3:25-cv-00307-ACP*

alleges have collapsed "the distinction between ANCSA corporate land ownership and tribal governmental authority."[27]

Making any sort of determination about the Tribe's authority in its absence would necessarily "impede the [Tribe's] ability to protect [that] interest."[28] This certainly includes a determination that the Tribe's authority to enter into agreements somehow also requires "lawful corporate authorization or contemporaneous approval by Tetlin Native Corporation," which appears to be what Plaintiff means by his "entity collapse" argument.[29]

Further, Plaintiff's Amended Complaint boils down to a challenge of "disputed instruments" (his words) that the Tribe is a party to. "No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable."[30]

---

[27] Dkt. 56 at 3 ("Plaintiff alleges that the 2008 Mineral Lease, its amendments, the Tetlin Estoppel Agreement, the Tetlin Stability Agreement and related project records repeatedly collapse the distinction between TNC (the federal grantee) and the Native Village of Tetlin/Tetlin Village Council."); *see also id.* ("The issue is actually disputed and is central to whether those Defendants may continue relying on those instruments."); *see also id.* at 20 ("The Tetlin Estoppel and Agreement and the Tetlin Stability Agreement, executed in 2014-2015 are acts of the Native Village of Tetlin/Tetlin Village Council (the tribal governmental entity) only.")

[28] Fed. R. Civ. P. 19(a)(1)(B)(i).

[29] *See* Dkt. 56 at 24-25.

[30] *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975) (citation omitted).

Tribal Defs.' Mot. to Dismiss Amended Compl. Page 7 of 16
*Kevin Gunter v. Contango Ore, Inc., et al., Case No. 3:25-cv-00307-ACP*

The Ninth Circuit, in *Kescoli v. Babbitt* addressed a collateral attack on similar Tribal agreements and transactions.[31] The Court dismissed a plaintiff's challenge to agreements that authorized mining activity on Navajo and Hopi lands under Rule 19.[32] Like the Amended Complaint here, the plaintiff unsuccessfully argued they did not directly "challenge the validity of the lease agreements," and therefore Rule 19 did not apply.[33] But the Ninth Circuit rejected this argument: even if the plaintiffs did not *directly* challenge the lease agreements, the lawsuit "would directly affect" agreements by preventing the parties' from operating under them.[34] Here, Plaintiff argues the Tribe cannot enter into contracts, conveyances, or other transactions without involving the Village Corporation that previously conveyed lands to the Tribe.[35] The Tribe's interest

---

[31] 101 F.3d 1304, 1307 (9th Cir. 1996).

[32] *Id.* at 1310.

[33] *Id.*

[34] *Id.*

[35] Dkt. 56 at 24 ("Plaintiff alleges that this Lease was executed without lawful corporate authorization or contemporaneous approval by [TNC]…"); *see also id.* at 24-25 ("These are post-hoc acts of the tribal governmental entity only. They contain no corporate resolutions, no shareholder votes, and no ratification by TNC or its shareholders."); *see also id.* at 44 ("Plaintiff alleges that the legal identity of the ANCSA grantee remains federally material because Defendants' asserted interests depend on whether the party purporting to convey, lease, ratify, waive, stabilize, or support federal-facing project submissions had authority traceable to the ANCSA corporation that received the federal convenance.").

Tribal Defs.' Mot. to Dismiss Amended Compl.          Page 8 of 16
*Kevin Gunter v. Contango Ore, Inc., et al., Case No. 3:25-cv-00307-ACP*

in the "disputed instruments," and operations under them, will be impaired as a result of his lawsuit.[36]

Finally, Plaintiff's Amended Complaint still poses the same *in rem* question that Judge Holland addressed and rejected 25 years ago. This Court held then that a plaintiff cannot challenge the conveyance of lands from Tetlin Native Corporation to the Tribe without naming the Tribe as a defendant:

> Plaintiffs pursue the matter with the implausible assertion: "However, adjudicating title to land does not implicate the Council personally at all." How could this be? The Council--which is simply another name for the Native Village of Tetlin--was the named grantee in the statutory quitclaim deed executed by plaintiff Tetlin Native Corporation. The court does not perceive any possible way that it could adjudicate title to Native Village of Tetlin's land without its personal presence before the court. The court is aware of no statutory or other basis for entertaining an <u>in rem</u> action against land apart from joining the legal owner of that land.[37]

---

[36] *See Dawavendewa v. Salt River Project Agric. Impr. & Power Dist.*, 276 F.3d 1150, 1156 (9th Cir. 2002) ("Accordingly, we held unequivocally that the Hopi Tribe was a necessary (and indispensable) party to a suit by an individual challenging a lease between the Hopi Tribe and the Peabody Coal Company simply by virtue of being a signatory to the lease." (citing *Lomayaktewa*, F.2d at 1325)).

[37] *Tetlin Native Corp., et. al., v. Sam et. al.*, Case No. F99-0008-CV (HRH) (Order on Motion to Dismiss), Dkt. 8-3 at 10 (cleaned up); s*ee also Carney v. Washington*, No. C21-415 MJP, 2021 WL 3491744, at *3 (W.D. Wash. Aug. 9, 2021) ("All parties claiming an interest in the property in a quiet-title action are required parties…"); *see also Upper Skagit Indian Tribe v. Lundgren*, 584 U.S. 554, 558 (2018) (quoting *Lundgren v. Upper Skagit Indian Tribe*, 187 Wash. 2d 857, 868 (2017), *as amended* (June 8, 2017), *vacated and remanded,* 584 U.S. 554 (2018)); *see also Flying T Ranch, Inc. v. Stillaguamish Tribe of Indians*, 577 P.3d 382, 390 (Wash. 2025) ("Washington and federal case law does not support finding in rem jurisdiction over land owned by tribes. . . .").

Tribal Defs.' Mot. to Dismiss Amended Compl.          Page 9 of 16
*Kevin Gunter v. Contango Ore, Inc., et al., Case No. 3:25-cv-00307-ACP*

Case 3:25-cv-00307-ACP    Document 59    Filed 06/15/26    Page 14 of 21

Plaintiff states that, to the extent that the Court determines that "any broader relief would require an absent party," he seeks "narrowly tailored status-quo relief only to named Defendants and their asserted derivative interests . . . on disputed instruments."[38] But this again raises the same issue: the Tribe's interest in the "disputed instruments" makes them a required party.[39]

### B. The Tribe Cannot be Joined in this Matter due to Sovereign Immunity.

Once the Court determines that the Tribe is a required party under Rule 19(a), the next step is "to determine if joinder [of the required party] is infeasible" under Rule 19(b). Joinder is infeasible because the Native Village of Tetlin is a federally recognized Indian tribe[40] possessing sovereign immunity from unconsented suit.[41] Accordingly, "[s]uits against Indian tribes are thus barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation."[42] A "waiver of sovereign immunity 'cannot be implied, but must be unequivocally expressed.'"[43]

---

[38] Dkt. 56 at 10.

[39] Dkt. 56 at 5; *see also White v. Univ. of Cal.*, 765 F.3d 1010, 1027-28 (9th Cir. 2014).

[40] Indian Entities Recognized by and Eligible to Receive Services from the United States Bureau of Indian Affairs, 89 Fed. Reg. 99902 (Dec. 11, 2024) (federally recognized tribe list).

[41] *Santa Clara Pueblo v. Martinez,* 436 U. S. 49, 58 (1978).

[42] *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991).

[43] *Santa Clara Pueblo,* 436 U.S. at 58 (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)).

Tribal Defs.' Mot. to Dismiss Amended Compl.                                   Page 10 of 16
*Kevin Gunter v. Contango Ore, Inc., et al., Case No. 3:25-cv-00307-ACP*

Case 3:25-cv-00307-ACP     Document 59     Filed 06/15/26     Page 15 of 21

Plaintiff's Amended Complaint understands that the Tribe possesses sovereign immunity from unconsented suit,[44] but Plaintiff unsuccessfully argues that that immunity has been waived.[45] As the Tribal Defendants made clear in the first Motion to Dismiss, the Tribe has not waived its sovereign immunity; Congress has not abrogated its sovereign immunity; and the Tribe does not give its consent to this suit. Plaintiff does not raise new waiver arguments that are not already addressed in the first Motion to Dismiss, which the Tribe incorporates herein.[46]

### C. In "Equity and Good Conscience" This Action Cannot Proceed in the Tribe's Absence

When the Court determines an absent party is required under Rule 19(a) but cannot be joined, the last step is to determine under Rule 19(b) "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Under Rule 19(b) the Court weighs four factors: (1) the prejudice to any party or to the absent party; (2) whether relief can be shaped to lessen prejudice; (3) whether an adequate remedy, even if not complete, can be awarded without the absent party; and (4) whether there exists an alternative forum.[47]

---

[44] Dkt. 56 at 27-28, 36.

[45] Dkt. 56 at 27-28.

[46] *Id.*

[47] *Dawavendewa*, 276 F.3d at 1161-62.

Tribal Defs.' Mot. to Dismiss Amended Compl. Page 11 of 16
*Kevin Gunter v. Contango Ore, Inc., et al., Case No. 3:25-cv-00307-ACP*

This weighing "almost always favors dismissal when a tribe cannot be joined due to tribal sovereign immunity."[48]  There "is very little room for balancing of other factors" when a required party has sovereign immunity.[49]  "[I]f the absent parties are Indian tribes invested with sovereign immunity," the Ninth Circuit observes, "virtually all the cases to consider the question appear to dismiss under Rule 19, regardless of whether [an alternate] remedy is available."[50]  There is a "'wall of circuit authority' requiring dismissal when a Native American tribe cannot be joined due to its assertion of tribal sovereign immunity."[51]  Simply put, "the weighty competing interest of preserving tribal sovereign immunity is paramount." [52]

---

[48] *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 998 (9th Cir. 2020); *see also N. Arapahoe Tribe v. Harnsberger*, 660 F. Supp. 2d 1264, 1278-79 (D. Wyo. 2009), *aff'd in part and vacated in part by*, 697 F.3d 1272 (10th Cir. 2012); *Quileute Indian Tribe v. Babbitt*, 18 F.3d 1456, 1460 (9th Cir. 1994); *Confederated Tribes of the Chehalis Rsrv. v. Lujan*, 928 F.2d 1496, 1499 (9th Cir. 1991).

[49] *Kickapoo Tribe of Indians of Kickapoo Rsrv. in Kan. v. Babbit*, 43 F.3d 1491, 1496 (D.C. Cir. 1995) (quoting *Wichita & Affiliated Tribes of Okla. v. Hodel*, 788 F.2d 765, 777 n. 13 (D.C. Cir. 1986)); *Adams v. Bell*, 711 F.2d 161, 171 n. 42 (D.C. Cir. 1983) (en banc), *cert. denied*, 465 U.S. 1021 (1984); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1617, at 257 (1986); *Enter. Mgmt. Consultants, Inc. v. United States ex rel. Hodel*, 883 F.2d 890, 894 (10th Cir. 1989).

[50] *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843, 857 (9th Cir. 2019) (alteration in original) (quoting *White*, 765 F.3d at 1028 (collecting cases)); *see also Am. Greyhound Racing*, 305 F.3d at 1025; *Friends of Amador Cnty.*, 554 Fed. App'x at 566.

[51] *Maverick*, 123 F.4th at 971 (quoting *Klamath Irrigation Dist.*, 48 F.4th at 947).

[52] *Citizen Potawatomi Nation v. Salazar*, 624 F.Supp.2d 103, 114 (D.D.C. 2009) (citing *Wichita*, 788 F.2d at 777).

---

Tribal Defs.' Mot. to Dismiss Amended Compl.                                          Page 12 of 16
*Kevin Gunter v. Contango Ore, Inc., et al., Case No. 3:25-cv-00307-ACP*

Accordingly, the Tribe's sovereign immunity is dispositive under the four Rule 19(b) factors. Even if immunity was not dispositive, the four factors identified above favor dismissal: (1) the Tribe would be gravely prejudiced if the suit proceeds without it; (2) relief cannot be shaped to lessen prejudice; (3) no adequate remedy can be awarded without the Tribe's participation; and (4) there is no alternate forum but, as noted above, "this result is a common consequence of sovereign immunity."[53]

### D. Dismissal Under Rule 12(b)(1) and 12(b)(7) is Required.

Federal Rule of Civil Procedure 12(b)(1) is "a proper vehicle for invoking [tribal] sovereign immunity from suit."[54] When a "required party" is dismissed or cannot be joined to an action, dismissal of the entire action is equally mandated under Rule 12(b)(7) for "failure to join a [required] party under Rule 19." The Tribe is a "required party that cannot be joined in the litigation, and because this suit cannot proceed in equity and good conscience in the Tribe's absence," dismissal is warranted.[55]

---

[53] *Am. Greyhound Racing*, 305 F.3d at 1025.

[54] *Pistor*, 791 F.3d at 1110; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[55] *Maverick*, 123 F.4th at 966.

Tribal Defs.' Mot. to Dismiss Amended Compl.            Page 13 of 16
*Kevin Gunter v. Contango Ore, Inc., et al., Case No. 3:25-cv-00307-ACP*

## VI. TO THE EXTENT THERE ARE CLAIMS AGAINST THE INDIVIDUAL TRIBAL OFFICIALS, THE TRIBAL OFFICIALS ARE IMMUNE FROM SUIT.

Tribal sovereign immunity also "protects tribal employees acting in their official capacity and within the scope of their authority."[56]  Accordingly, "a plaintiff cannot circumvent tribal immunity 'by the simple expedient of naming an officer [or employee] of the Tribe as a defendant, rather than the sovereign entity.'"[57]  To determine "whether the sovereign is the real party in interest," "courts may not simply rely on the characterization of the parties in the complaint, but rather must determine in the first instance whether the remedy sought is truly against the sovereign."[58]

Plaintiff's first Complaint plainly sought relief against the sovereign.[59]  In the Amended Complaint, nothing changes.  Plaintiff entirely fails to plead specific relief against the Tribal Defendants.[60]  Plaintiff claims to not seek relief against the Tribe, but he asks for a declaratory judgment that the Tribe is distinct from Tetlin Native Corporation and that no defendant "may rely, as against Plaintiff in this action on . . . records that treat

---

[56] *Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 727 (9th Cir. 2008); *see also Miller*, 705 F.3d at 927-28.

[57] *Cook*, 548 F.3d at 727 (quoting *Snow v. Quinault Indian Nation*, 709 F.2d 1319, 1322 (9th Cir. 1983)).

[58] *Lewis v. Clarke*, 581 U.S. 155, 161-62 (2017) (citation omitted); *see also Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 908 (9th Cir. 2021) ("The critical question is 'whether the remedy sought is truly against the sovereign.'" (citation omitted)), *cert. denied, Acres Bonusing, Inc. v. Martson*, 142 S. Ct. 2836 (2022).

[59] Dkt. 20 at 11-14.

[60] *See* Dkt. 56 at 51-54.

---

Tribal Defs.' Mot. to Dismiss Amended Compl.                                    Page 14 of 16
*Kevin Gunter v. Contango Ore, Inc., et al., Case No. 3:25-cv-00307-ACP*

Case 3:25-cv-00307-ACP    Document 59    Filed 06/15/26    Page 19 of 21

those distinct entities as legally interchangeable."[61]  He also seeks an "accounting and preservation order directed only to . . . records" relating to the "disputed instruments" that the Tribe executed.[62]  To the extent Plaintiff seeks any cognizable relief at all, his relief runs against the Tribe.[63]

## VII.  CONCLUSION

Tribal Defendants move that this matter be dismissed under Rules 12(b)(1), 12(b)(6), 12(b)(7) and 19. The Amended Complaint does not address the problems identified in the first Court's dismissal order.  Plaintiff does not raise a federal question and fails to state a claim for relief entirely.  Even if he did, the Court lacks subject matter jurisdiction because the Tribe is a necessary party who cannot be joined due to its sovereign immunity.  The same immunity shields the individual Tribal Defendants, to the extent Plaintiff pleads a claim against them.  The Court should dismiss the Amended Complaint, as the Court did with the first Complaint.

---

[61] Dkt. 56 at 51.

[62] Dkt. 56 at 52.

[63] *Cf. Lewis*, 581 U.S. at 159-60, 162-63 (concluding that tort suit against casino employee was to recover damages for his personal actions, where he rear-ended another vehicle, and it was undisputed that he caused the accident).

Tribal Defs.' Mot. to Dismiss Amended Compl. *Kevin Gunter v. Contango Ore, Inc., et al., Case No. 3:25-cv-00307-ACP*

Page 15 of 16

Case 3:25-cv-00307-ACP    Document 59    Filed 06/15/26    Page 20 of 21

DATED this 15th day of June, 2026, at Anchorage, Alaska.

SONOSKY, CHAMBERS, SACHSE
MILLER & MONKMAN, LLP

By:    */s/ Nathaniel H. Amdur-Clark*
Nathaniel H. Amdur-Clark
Alaska Bar No. 1411111
Noah I. Star
Alaska Bar No. 2111128

*Attorneys for Kristie Charlie, Michael
Sam and Native Village of Tetlin*

**Certificate of Service**

I certify that on June 15, 2026, a copy of the foregoing document was served via USPS, email and ECF on:

Kevin Gunter
1714 Southern Ave
Fairbanks, AK 99701
gunter@spirit4all.org

Rickey Hendry
PO Box 63
Apple Springs, TX 75926

Eric B. Fjelstad
efjelstad@perkinscoie.com

Victoria Romine
vromine@perkinscoie.com

Jonathan W. Katchen
jwkatchen@hollandhart.com

Kevin Cuddy
kevin.cuddy@stoel.com

Jacob Gerrish
jacob.gerrish@stoel.com

Zoe Angelica Eisberg
eisbergz@ballardspahr.com

Michael Bruce Baylous
baylousm@ballardspahr.com

*/s/ Nathaniel Amdur-Clark*
Nathaniel H. Amdur-Clark

Tribal Defs.' Mot. to Dismiss Amended Compl.                    Page 16 of 16
*Kevin Gunter v. Contango Ore, Inc., et al., Case No. 3:25-cv-00307-ACP*

Case 3:25-cv-00307-ACP    Document 59    Filed 06/15/26    Page 21 of 21